UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL DEWAYNE AIKENS #21495-035          CIVIL ACTION NO. 24-cv-580

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

COLONIAL LIFE & ACCIDENT INSURANCE   MAGISTRATE JUDGE HORNSBY
CO


**MEMORANDUM ORDER**

Daniel Dewayne Aikens ("Aikens") is a self-represented federal inmate who was convicted in the Alexandria Division of felonies related to the use of explosive devices. U.S. v. Aikens, 20-cr-00023. He filed this civil action against Colonial Life & Accident Insurance Company based on allegations that the insurer failed to pay a claim under a policy on the life of Keelien Lewis. News reports indicate that the Grant Parish Sheriff's Office arrested Aikens in 2020 for the murder of Mr. Lewis. Investigators said that Aikens took out a $250,000 insurance policy on Lewis, with whom he had been working at a lawn care business for about three weeks. Lewis allegedly died of asphyxiation by carbon monoxide poisoning.

Colonial Life filed an answer to the original complaint, and the court issued a scheduling order (Doc. 27). Soon afterward, Colonial requested and was granted leave to file a counterclaim and third-party complaint in the nature of an interpleader based on concerns about potential competing claims to the life insurance proceeds from Jason Miles, Jonathan Sanders, and Lakishama Katrice Lewis on behalf of the estate of Keelien Lewis.

Colonial Life alleged that the beneficiary for the policy at issue was listed as "Just What You Expect." Colonial Life further represented that, at the time the policy was issued, the insurer was provided with information that Daniel Aikens, Keelien Lewis, Jonathan Sanders, and Jason Miles were each 25% owners of Just What You Expect.

Answers to the interpleader pleading have been filed by Aikens (Doc. 42) and Miles (Doc. 53).

Colonial Life filed a service return (Doc. 39) that indicates Lakishama Katrice Lewis was served on December 13, 2024, which made her answer due in early January 2025. Lewis, through counsel, filed a motion for extension of time (Doc. 47) that cited difficulty filing by the deadline and attached a proposed answer to the interpleader. The court granted the extension of time, but the answer was not then docketed. The **clerk of court is directed** to docket the answer and exhibit that Lewis attached to her motion for extension of time.

The final interpleader claimant is Jonathan Sanders. Colonial Life filed a summons return (Doc. 41) that stated the process server was unable to locate Sanders. Colonial Life is reminded of its obligation under Fed. R. Civ. Pro. 4(m) to make service within 90 days of the filing of its interpleader pleading. If it is unable to serve and join Sanders, then any declaration made by the court regarding the policy may not be effective as to Sanders. The court extends the deadline for service on Sanders until **March 21, 2025**. Colonial Life must file evidence of service by that date or file a motion for extension of time to complete service and show cause for such an extension. If there is no timely service on Sanders, the claims against him will be subject to dismissal.

In light of the addition of new parties via the interpleader after the court issued its **scheduling order**, the deadlines in that order **(Doc. 27)** are **vacated**. New deadlines for the completion of discovery, the filing of dispositive motions, and the like will be set after all potential claimants have filed an answer, been defaulted, or been dismissed for lack of service.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of February, 2025.

Mark L. Hornsby
U.S. Magistrate Judge