UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL DEWAYNE AIKENS | CIVIL ACTION NO. 24-0580 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COLONIAL LIFE & ACCIDENT INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment filed by Plaintiff Daniel Dewayne Aikens ("Aikens"). See Record Document 68. Defendant Colonial Life & Accident Insurance Company ("Colonial Life") opposed. See Record Document 70. Third-Party Defendant Lakishama Katrice Lewis ("Ms. Lewis") opposed. See Record Document 71. Aikens did not file a reply. For the reasons set forth below, Aikens's Motion for Partial Summary Judgment (Record Document 68) is **DENIED**.

**BACKGROUND**

Aikens is a self-represented federal inmate who was convicted in the Alexandria Division of felonies related to the use of explosive devices. See Record Document 67 at 1; see also U.S. v. Aikens, 20-cr-00023. He filed this civil action against Colonial Life based on allegations that the insurer failed to pay a claim under a policy on the life of Keelien Lewis ("Mr. Lewis"). See Record Document 67 at 1. News reports indicate that the Grant Parish Sheriff's Office arrested Aikens in 2020 for the murder of Mr. Lewis. See id. Investigators said that Aikens took out a $250,000 insurance policy on Mr. Lewis, with whom he had been working at a lawn care business for about three weeks. See id. Mr. Lewis allegedly died of asphyxiation by carbon monoxide poisoning. See id.

Colonial Life filed an Answer to the Original Complaint, and the Court issued a scheduling order. See id. Soon afterward, Colonial Life requested and was granted leave to file a counterclaim and third-party complaint in the nature of an interpleader based on concerns about potential competing claims to the life insurance proceeds from Jason Miles ("Miles"), Jonathan Sanders ("Sanders"), and Ms. Lewis on behalf of the estate of Mr. Lewis. See id. Colonial Life alleged that the beneficiary for the policy at issue was listed as "Just What You Expect." See id. at 2. Colonial Life further represented that, at the time the policy was issued, the insurer was provided with information that Aikens, Ms. Lewis, Sanders, and Miles were each 25% owners of Just What You Expect. See id.

Aikens's Amended Complaint asserts that Colonial Life acted as a plan administrator, as opposed to an entity that simply administered and processed claims. See Record Document 70 at 3. His Amended Complaint contains allegations that on various dates, Colonial Life "refused to furnish the participants" with various documents which Aikens claims that the "plan administrator" was required to provide. See id.; see also Record Document 59. Aikens argues Colonial Life's alleged refusal to provide information that was allegedly requested caused "catastrophic financial loss for participants." See id. With respect to his sixth claim, which is the only claim raised in the instant Motion, Aikens states that he is entitled to recover $1,706,000.00 plus interest "due to Defendant's bad faith practices and Plaintiff's financial losses." See id.

**LAW AND ANALYSIS**

**I. Partial Summary Judgment.**

The Fifth Circuit provides, "A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F. 3d 701, 737 (5th Cir. 2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F. 2d 1408, 1415 (5th Cir. 1993).

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Summary of the Arguments.

In his Motion, Aikens asks the Court to grant summary judgment on his sixth claim. See Record Document 68 at 1. He asserts that Colonial Life "does not dispute [that] Policy No. 8442236-510's benefit proceeds should be paid." See Record Document 68-1 at 1. He contends that Colonial Life acknowledges that Just What You Expect is the policy beneficiary, and provides the following references to support his argument:

> A) 21 Oct 24: Answer to Complaint, Page 1: Second Defense
>
> B) 11 Nov 24: Motion for Leave to File Counterclaim and Third-Party Complaint in Interpleader and for Declaratory Judgment, Page 4: Item 12
>
> C) 10 Dec 24: Counterclaim and Third-Party Complaint in Interpleader and for Declaratory Judgment, Page 4: Item 12
>
> D) 20 Jan 25: Opposition to Plaintiff's Motion to Strike Interpleader Order, Counterclaim and Third-Party Complaint, Page 2: Bullet Point 2

See id. Aikens submits that he "submitted business document (5) to the Court on 17 Jan 25 establishing [him] as owner of Just What You Expect." See id.

Additionally, Aikens argues that "no [genuine] controversy exists with respect to claim six's relief. The sum of $1,706,000 includes restitution. Upon the Court's granting

4

of this Motion, the relief sum reduces to $1,456,000 ($1,706,000 less $250,000)." See id. at 2. He avers that Colonial Life has "deposited policy proceeds with the registry of the court on 08 Jan 25." See id. Aikens "reserves the right to seek additional policy benefits in the event policy benefits double in accordance with the policy's terms and conditions." See id. He concludes that Colonial Life "has not, nor can, produce admissible evidence sufficient to give rise to a genuine dispute. As such, and for the reasons set forth herein, [Aikens] moves the Court to grant this Motion for Partial Summary Judgment." See id.

Colonial Life opposes, arguing that Aikens fails to provide any evidentiary support for the allegations contained in his Amended Complaint. See Record Document 70 at 2. Colonial Life advances that he has failed to meet his initial burden, and his Motion should be denied. See id. Colonial Life avers that Aikens's memorandum in support of his Motion appears to be nothing more than an assertion of facts he claims to be undisputed. See id. at 4. It submits that there are material issues of fact precluding summary judgment since Aikens now claims he is the sole owner of the proceeds. See id. Furthermore, Colonial Life submits that there is an issue as to whether Aikens would be entitled to the proceeds of the Policy, even if he were to establish that he is the rightful beneficiary, because the Louisiana slayer's statute would disqualify him from receiving any portion of the Policy benefits. See id.

Colonial Life contends that Aikens has not cited to any evidence to support his conclusory assertion that restitution is owed in the amount of $1,706,000.00. See id. Colonial Life finds the $250,000.00 Policy proceeds to be the only amount at issue. See id. Since he has failed to identify any factual or legal basis whatsoever for the amounts

he claims are owed, Colonial Life asserts Aikens is not entitled to summary judgment. See id.

Ms. Lewis also opposes, advancing that there are genuine issues of material fact that preclude summary judgment. See Record Document 71 at 3. She contends that Aikens has not submitted any additional evidence, such as depositions, answers to interrogatories, admissions, or affidavits to support his position. See id. Ms. Lewis argues he has failed to meet his initial burden; thus, his Motion should be denied. See id. at 3–4.

**III. Analysis.**

The Court finds that Aikens has failed to meet his initial burden under the summary judgment standard. He has not attached to his Motion any evidentiary support, such as "certified copies of any exhibits, sworn statements by any persons attesting to the truth of his allegations, or even his own sworn statement relative thereto." Allen v. Leblanc, No. 15-0600, 2016 WL 3199319, at *2 (M.D. La. Apr. 14, 2016). Furthermore, Aikens "has not made a sufficient showing of entitlement to relief nor of the absence of any genuine issues of material fact." Id.

Aikens's assertions are merely speculative and conclusory, and he fails to provide any factual or legal support. "While the court construes pro se pleadings liberally, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law." Dyer v. Apollo Transp. Solutions, LLC, No. 20-256, 2022 WL 1081163, at *3 (E.D. La. Apr. 8, 2022) (citing Berry v. Wells Fargo Bank, N.A., No. 20-30670, 2022 WL 728969, at *2 (5th Cir. May. 10, 2022) (citations omitted)). Therefore, Aikens's pro se status does not relieve him of his duty to meet the initial burden imposed by the summary judgment

standard. Since the Court finds that he has failed to meet his initial burden, his Motion must be denied, regardless of Colonial Life's and Ms. Lewis's responses. See <u>Allen</u>, 2016 WL 3199319, at *2; <u>see also</u> <u>Ford-Evans v. Smith</u>, 206 Fed. Appx. 332 (5th Cir. 2006) (quoting <u>Little v. Liquid Air Corp.</u>, 37 F. 3d 1069, 1075 (5th Cir. 1994) (en banc)).

## CONCLUSION

Based on the reasons stated above,

**IT IS ORDERED** that Aikens's Motion for Partial Summary Judgment (Record Document 68) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 16th day of April, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE