UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DANIEL DEWAYNE AIKENS | CIVIL ACTION NO. 24-0580 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COLONIAL LIFE & ACCIDENT INSURANCE CO. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Relief from Ruling pursuant to Federal Rule of Civil Procedure 60(b)(1) (Record Document 102) filed by Plaintiff, Daniel Dewayne Aikens ("Aikens"). Defendant and Plaintiff-in-Interpleader, Colonial Life & Accident Insurance Company ("Colonial Life"), filed an Opposition (Record Document 106). For the reasons stated below, the Motion is **DENIED**.

**FACTUAL BACKGROUND**

This matter arises from a dispute over life insurance proceeds following the death of Keelien Lewis. As detailed in the Court's prior Memorandum Ruling (Record Document 97), Colonial Life issued four individual life insurance policies in November 2017 to individuals associated with the business "Just What You Expect," each naming the business as beneficiary. See Record Document 97 at 1–2.

After competing claims arose regarding entitlement to the proceeds, Colonial Life filed a Counterclaim and Third-Party Complaint (Record Document 33) and deposited $250,000 into the registry of the Court pursuant to the Court's Order (Record Document 35). On December 11, 2025, this Court granted Colonial Life's Motion for Summary Judgment (Record Document 81), dismissed all claims against Colonial Life with

prejudice, discharged it as a disinterested stakeholder, and limited its liability to the $250,000 deposited into the registry. See Record Document 97 at 12.

On January 13, 2026, Aikens filed the present Motion for Relief under Rule 60(b)(1), asserting that the Court committed legal error in its interpleader and ERISA analysis. See Record Document 102.

## LAW AND ANALYSIS

I. Applicable Law

Federal Rule of Civil Procedure 60(b) permits relief from a final judgment for limited reasons, including "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is extraordinary and should be granted only in exceptional circumstances. The Fifth Circuit has made clear that Rule 60(b) is not a substitute for appeal. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981); see also Chick Kam Choo v. Exxon Corp., 699 F.2d 693, 694–95 (5th Cir. 1983). A district court may correct its own mistake under Rule 60(b), but only where the alleged error is obvious and apparent on the face of the record. See Chick Jam Choo, 699 F.2d at 695–96. Final judgments should not lightly be disturbed, and the orderly process of appeal remains the appropriate mechanism for challenging alleged legal error. See id.

II. Analysis

Aikens argues that the Court erred in determining that the policy at issue was not governed by ERISA, that Colonial Life was not a plan administrator, and that interpleader was appropriate. See Record Document 102. These arguments merely reassert positions previously raised and rejected. The ERISA framework, the interpleader requirements, and Colonial Life's status were thoroughly analyzed in the Court's prior Memorandum Ruling.

See Record Document 97. The record reflects that Aikens filed multiple pleadings and oppositions addressing these issues, including two handwritten oppositions to Colonial Life's Motion for Summary Judgment. See Record Documents 90 & 93. The Court considered those arguments and applied controlling Fifth Circuit authority.

Rule 60(b) does not permit a party to relitigate issues or to substitute a post-judgment motion for a timely appeal. Although Aikens disagrees with the Court's interpretation of ERISA law and interpleader doctrine, such disagreement does not constitute an obvious legal error or extraordinary circumstance warranting relief. The Motion identifies no newly discovered evidence, no fraud, no void judgment, and no exceptional circumstance justifying reopening the case. Instead, it reiterates arguments that were previously considered and rejected. Accordingly, Rule 60(b) relief is not appropriate.

## CONCLUSION

For the reasons explained above, the Motion for Relief from Ruling pursuant to Federal Rule of Civil Procedure 60(b)(1) (Record Document 102) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of February, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT