UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL DEWAYNE AIKENS #21495-035        CIVIL ACTION NO. 24-cv-580

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

COLONIAL LIFE & ACCIDENT INSURANCE   MAGISTRATE JUDGE HORNSBY
CO

**MEMORANDUM ORDER**

Daniel Dewayne Aikens ("Plaintiff"), a self-represented prisoner, filed this civil action against Colonial Life & Accident Insurance Co. to demand payment of life insurance benefits on a policy that insured the life of Keelien Lewis. Colonial responded with a pleading that commenced an interpleader so that other potential claimants to the policy proceeds could be joined. One of those claimants is Lakishama Lewis (Keelien's mother), who is represented in this action by attorney Jamilla A. Bynog.

Before the court is Plaintiff's Motion to Disqualify Counsel (Doc. 115) based on Ms. Bynog's prior service as an Assistant United States Attorney for the Western District of Louisiana and her alleged participation in the investigation or prosecution of Plaintiff for the death of Mr. Lewis. For the reasons that follow, a decision on the motion to disqualify will be deferred until Ms. Bynog is given an opportunity to move to enroll substitute counsel or more specifically address her involvement in the investigation of Lewis's death.

Motions to disqualify counsel are decided based on state and national ethical standards. In this case, the relevant ethical rules and standards include the local rules of

this court, the American Bar Association's Model Rules and Code, and the Louisiana Rules of Professional Conduct.  Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 266 (5th Cir. 2001).  Local Rule 83.2.4W adopts the Rules of Professional Conduct of the Supreme Court of Louisiana, and those rules are based in turn on the ABA's Model Rules of Professional Conduct.  Id.

In considering a motion to disqualify, the court views the rules in light of the party's rights and the public interest.  In addition to the specific rules that apply, the court considers whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case. In re Dresser Industries, 972 F.2d 540, 543-44 (5th Cir. 1992).

Ms. Bynog represents in a memorandum (Doc. 117) that she served as an AUSA from 2014 to 2025.  In early 2020, Plaintiff became the prime suspect in a series of bombings that occurred in Monroe and Alexandria.  Federal authorities arrested him for federal explosives offenses, and Ms. Bynog prosecuted the case, U.S. v. Aikens, 20-cr-00023.  A superseding indictment shows that Plaintiff was charged with ten counts, each of which was based on events alleged to have taken place in 2019 or 2020.  The case eventually went to trial on eight counts, and Plaintiff was found guilty on each of them. He received a lengthy federal sentence and is still serving it.

There is no indication in the federal superseding indictment that the federal crimes prosecuted by Ms. Bynog had anything to do with the 2017 death of Keelien Lewis, who died from suspected carbon monoxide poisoning.  Ms. Bynog represents in her

memorandum that Grant Parish (state) authorities arrested Plaintiff for the 2017 homicide of Keelien Lewis months after he was arrested by federal authorities.  The homicide, she states in her memorandum, was investigated by local law enforcement, and the matter is still pending in Grant Parish.  Ms. Bynog represents that she did not investigate or prosecute the Lewis homicide, was never employed by Grant Parish law enforcement or DA's office, and "had no role in any state investigation or charging decision."

Louisiana Rule of Professional Conduct 1.11(a)(2) provides that "a lawyer who has formerly served as a public officer or employee of the government … shall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation."  Rule 1.11(e) states that the term "matter" in the rule includes "any judicial or other proceeding … claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties."  "If the rule otherwise applies, it does not matter whether the representation will be adverse to the government."  21 La. Civ. Law Treatise § 8.14.  The prohibition applies if the representation is "in connection with" the type of matter described in the rule, and "matter" is defined "with a rather broad definition."  Id.

Louisiana Rule of Professional Conduct 1.11(c) generally provides that "a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. As used in this Rule, the term

'confidential government information' means information that has been obtained under governmental authority and which, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom."

Ms. Bynog's response to the motion is not accompanied by an affidavit or other evidence. She denies any involvement in the investigation of the state law homicide charge, but news reports indicate that federal authorities may have played some role in that investigation. The April 5, 2023 issue of the Alexandria *Town Talk* included an article headlined "Louisiana mom talks about 2017 death of son, waiting for convicted bomber to stand trial." The article recounted how Lakishama Lewis (Ms. Bynog's client) described FBI agents coming to see her soon after Plaintiff was arrested on the federal charges in 2020. Ms. Lewis was quoted as saying that she had kept copies of everything related to her son's death "and I laid it all out on this couch, and they stayed here about two or three hours." She was also quoted as saying that the federal agents looked over everything and said that they were "going to get to the bottom of it." Ms. Lewis added that in August 2020, several months later, a group of local, parish, and federal law enforcement officers came to her home and told her they were issuing an arrest warrant for Plaintiff in Keelien's death. Ms. Lewis described how she then watched every day of the federal trial.

An Alexandria television station, KALB 5, posted an article on its website dated April 6, 2023 that is headlined "DANIEL AIKENS: State case of murdered employee to move forward now that federal explosives case over."  It described how Ms. Lewis was present for every day of the federal bombing trial.  It also said that, while the homicide case was being investigated, a pipe bomb explosion was tied to Plaintiff and got the attention of federal agents.  The reporter wrote, "That federal case helped shore things up for the Grant Parish case." The Grant Parish sheriff was quoted as saying, "The partnership that we developed with the federal agencies that were investigating the bombings was a real, real big help to us in our case."

These articles suggest that federal authorities perhaps did play a role in the investigation of the Lewis homicide that is the focus of this case.  Ms. Bynog may or may not have had a personal role in that aspect of the investigation of Plaintiff, but the articles do not allow Plaintiff's arguments to be easily discounted.  There is a plausible argument, based on the information in the articles, that Ms. Bynog might be subject to disqualification from representing Ms. Lewis in this civil action.

Ms. Bynog will be allowed until **April 30, 2026** to either (1) have new conflict-free counsel enroll to represent Lakishama Lewis in this civil litigation or (2) file a supplemental memorandum in opposition to the motion to disqualify that specifically addresses the concerns raised in this order and that is accompanied by an affidavit or other evidence that she wishes to submit on this issue.  If substitute counsel enrolls for Ms. Lewis by the deadline, then the motion to disqualify will be moot.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge