UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL DEWAYNE AIKENS #21495-035          CIVIL ACTION NO. 24-cv-580

VERSUS                                    JUDGE S. MAURICE HICKS, JR.

COLONIAL LIFE & ACCIDENT INSURANCE   MAGISTRATE JUDGE HORNSBY
CO

**MEMORANDUM ORDER**

Daniel Dewayne Aikens ("Plaintiff"), a self-represented prisoner, filed this civil action against Colonial Life & Accident Insurance Co. to demand payment of life insurance benefits on a policy that insured the life of Keelien Lewis.  Colonial responded with a pleading that commenced an interpleader so that other potential claimants to the policy proceeds could be joined.  One of those claimants is Lakishama Lewis (Keelien's mother), who is represented in this action by attorney Jamilla A. Bynog.

Plaintiff filed a Motion to Disqualify Counsel (Doc. 115) based on Ms. Bynog's prior service as an AUSA and her alleged participation in the investigation or prosecution of Plaintiff for the death of Mr. Lewis.  The court recently issued an order (Doc. 123) that deferred ruling on the motion to disqualify until Ms. Bynog enrolls substitute counsel or more specifically addresses her involvement in the criminal matter.

Now before the court is Plaintiff's Motion for Transfer of Venue (Doc. 120) that challenges Daniel McCoy's role as clerk of court.  Plaintiff asks that the court "void all prior judgments" and transfer this action to a "conflict-free venue within the district."  Mr. McCoy  previously  served  as  an  AUSA,  and  Plaintiff  alleges  that  McCoy  made

prosecutorial decisions related to Plaintiff and the investigation of the death of Mr. Lewis. Whether that is correct is not known, but McCoy did participate in the prosecution of Plaintiff for federal explosives offenses. U.S. v. Aikens, 20-cr-00023.

Plaintiff argues that McCoy's service as clerk of court for the Western District of Louisiana runs afoul of a statute and regulation that prohibit a former executive branch employee from making, with the intent to influence, any communication to or appearance before any officer or employee of any United States court in connection with a particular matter in which the United States is a party or has a direct and substantial interest, in which the person participated personally and substantially in their former position, and which involved a specific party or parties at the time of such participation.

Mr. McCoy currently serves as the Clerk of Court for the Western District of Louisiana. He oversees scores of employees in five courthouses across the district. He does not participate in the day-to-day docketing and other ministerial tasks of the clerk's office that are taken in connection with an individual case such as this civil action. He has not and will not make any communication to or appearance before the court in connection with this particular matter. There is no basis to grant any change of venue or other relief based on Mr. McCoy's role as clerk of court. Plaintiff's **Motion for Transfer of Venue (Doc. 120)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2026.

Mark L. Hornsby
U.S. Magistrate Judge