UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL DEWAYNE AIKENS #21495-035     CIVIL ACTION NO. 24-cv-580

VERSUS                               JUDGE S. MAURICE HICKS, JR.

COLONIAL LIFE & ACCIDENT INSURANCE   MAGISTRATE JUDGE HORNSBY
CO

**MEMORANDUM ORDER**

Daniel Dewayne Aikens ("Plaintiff"), a self-represented prisoner, filed this civil action against Colonial Life & Accident Insurance Co. to demand payment of life insurance benefits on a policy that insured the life of Keelien Lewis. Colonial responded with a pleading that commenced an interpleader so that other potential claimants to the policy proceeds could be joined. One of those claimants is Lakishama Lewis (Keelien's mother).

Ms. Lewis was originally represented by attorney Jamilla A. Bynog and attorney Christopher K. LaCour. Plaintiff filed a motion to disqualify counsel based on Ms. Bynog's prior service as an Assistant United States Attorney and her alleged participation in the investigation or prosecution of Plaintiff for the death of Keelien Lewis. Ms. Bynog elected to withdraw from the case, leaving Mr. LaCour to represent Ms. Lewis.

Plaintiff then filed a Motion to Disqualify Counsel (Doc. 131) aimed at Mr. LaCour that is now before the court. Plaintiff argues that "there is not a way to be certain Jamilla Bynog has not shared privileged information with Christopher LaCour" and that allowing him to continue to represent Ms. Lewis results in an appearance of impropriety.

The disqualification of counsel assessment requires a balancing of the likelihood of public suspicion against a party's right to counsel of her choice. F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1316 (5th Cir. 1995). Disqualification "is unjustified without at least a reasonable possibility that some identifiable impropriety actually occurred." Id. A disqualification inquiry, particularly when instigated by an opponent, presents a risk of unfairly denying a party of the counsel of their choice. Therefore, attorney disqualification must not be imposed cavalierly. Id.

Mr. LaCour explained in his response to the motion that he and Ms. Bynog are not in the same firm. The LaCour Law Firm, LLC is located in Alexandria, where Mr. LaCour is the sole member. Ms. Bynog's firm is located in Lafayette. The firms share no members or ownership interest of any kind. Mr. LaCour notes that he has an attorney-client relationship with Ms. Lewis that predates this litigation, stemming from his representation of her in in family law matters. He represents that Ms. Lewis regularly consulted him about the investigation into Keelien's death, sharing information from law enforcement officials, and any knowledge Mr. LaCour has about the circumstances of Keelien's death came from his client, Ms. Lewis, and not from Ms. Bynog.

Plaintiff suggest that there is somehow an appearance of impropriety, but he does not articulate how Mr. LaCour's representation of Ms. Lewis in this matter might prejudice Plaintiff or give rise to public suspicion of impropriety. The court finds no legal or factual basis to disturb Ms. Lewis' choice to be represented by an attorney who has historically represented her and with whom she has consulted for years on issues central to this case.

Page **2** of **3**

Plaintiff also invokes La. R.S. 42:1121(C).  That statute generally prohibits former state agency heads or elected officials from representing a person before the agency until a suitable time has passed.  Subsection C states that no legal entity in which a former public service is an officer or employee shall, for two years after termination of his public service, represent someone in connection with certain agency proceedings.  Plaintiff makes an argument that Mr. LaCour and Ms. Bynog, by jointly representing Ms. Lewis earlier in the case, somehow formed a legal entity that runs afoul of this rule.  No state agency is involved in these proceedings; the statute is not relevant.  There is no factual or legal basis for Plaintiff's argument.   Accordingly, **Plaintiff's Motion to Disqualify Counsel (Doc. 131)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge